**4**
JENNIFER WITHERELL CRASTZ - SBN 185487
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard
12th Floor
Encino, California 91436
Telephone: (818) 501-3800
Facsimile: (818) 501-2985
Email: jcrastz@hrhlaw.com

Attorneys for Secured Creditor
BMO BANK N.A.

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ISMOIL KASIMOV dba Friends & Family Transportation, LLC,<br><br>　　　　Debtor.<br><br>BMO BANK N.A.,<br><br>　　　　Movant,<br><br>vs.<br><br>ISMOIL KASIMOV dba Friends & Family Transportation, LLC, Debtor,<br><br>　　　　Respondent. | CASE NO. 24-22846<br><br>CHAPTER 11<br><br>DC No.: JWC-1<br><br>**MOTION FOR RELIEF FROM THE AUTOMATIC STAY [PERSONAL PROPERTY]**<br><br>DATE :　　September 12, 2024<br>TIME :　　10:00 a.m.<br>CTRM.:　　33 (DEPT. E)<br>JUDGE:　　Hon. Ronald H. Sargis<br>ADDRESS:　501 I Street, 7th Floor<br>　　　　　　Sacramento, CA 95814 |

---

1
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Movant BMO BANK N.A. ("Movant") hereby moves the Court for an Order granting relief from the automatic stay under 11 U.S.C. § 362(a) against Debtor ISMOIL KASIMOV dba Friends & Family Transportation, LLC ("Debtor"), to permit Movant and its successors and assigns, to exercise the rights granted under that certain agreement and related documents affecting the personal property that is in the possession or control of the Debtor, as more fully described herein.  In the alternative, Movant seeks an order for adequate protection.  This motion is made and based upon the following facts and circumstances:

## I.  STATEMENT OF FACTS

1. At all times herein mentioned, Movant was and now is a corporation duly authorized to conduct business and doing business within California.

2. On or about **May 26, 2020**, Movant financed the purchase of **two (2) 2017 Kenworth T680, Vehicle ID Nos. 1XKYD49X3HJ139581 and 1XKYD49X1HJ139563** ("Collateral") on behalf of Debtor[1] pursuant to a written Loan and Security Agreement ("Agreement") signed by the Debtor herein, evidencing Debtor's obligation to pay Movant.  A true and correct copy of the Agreement is attached as **Exhibit 1** to the Declaration of Bryan Schrepel filed concurrently herewith.

3. Movant's security interest is reflected in the Certificates of Title which are collectively attached as **Exhibit 2** to the Declaration of Bryan Schrepel filed concurrently herewith.

4. Movant has performed all conditions, promises and covenants on its part to be performed in accordance with the terms of the Agreement.

5. On or about October 1, 2023, Debtor defaulted under the terms of the Agreement by failing to make the monthly installments then due.  At the time of the bankruptcy filing, the balance due under the Agreement was **$41,736.73.**  Debtor has made no post-petition payments to Movant as to the Agreement.

6. Movant has performed all conditions, promises and covenants on its part to be performed in accordance with the terms of the Agreement.

---

[1] The borrower is technically "Friends & Family Transportation, LLC" whjch is not an actual debtor in this bankruptcy.  Debtor Ismoil Kasimov erroneously captioned his bankruptcy petition as "dba Friends & Family Transportation, LLC" through an individual and LLC cannot actually have a joint bankruptcy petition.  Debtor's interest in the Collateral is technically only a possessory interest.

7.　　The present motion involves vehicles that are standard in the industry. Movant typically relies on external sales data of similar equipment in estimating the value, such as Blackbook. The condition of the Collateral is assumed to have been serviced and maintained under normal conditions. The Blackbook value for the Collateral is $20,425.00 each which equals to **$40,850.00** for the two tractors, therefore no equity exists. Moreover, the value decreases as each day passes due to Debtor's everyday use of the Collateral. A true and correct copy of the Blackbook report is attached as **Exhibit 3** to the Declaration of Bryan Schrepel filed concurrently herewith.

8.　　Movant therefore seeks relief from stay in order to recover the Collateral, and to exercise any and all of Movant's rights under the Agreement, including the sale of the Collateral.

## II. MOVANT SHOULD BE GRANTED RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. § 362(A) TO EXERCISE ITS RIGHTS REGARDING THE PROPERTY.

Section 362(d)(1) of the Bankruptcy Code states that:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

The facts of this case demonstrate that the automatic stay should be lifted "for cause." The Bankruptcy Code mandates that secured creditors must, at a minimum, be afforded a reasonable assurance that the value of their security interests in property of a debtor is and will continue to be "adequately protected" by the debtor. Metropolitan Life Ins. v. Murel Holding Corp., 75 F.2d 941 (2nd Cir. 1935). The debtor bears the burden of proving that the creditor's interest in the property is adequately protected. Guavin v. Wagner, 24 B.R. 578, 580 (9th Cir. BAP 1982). If the debtor fails to meet this burden, the creditor is entitled to relief under §362(d)(1). In re Winslow Center Associates, 32 B.R. 685, 687 (Bankr. E.D. Pa. 1983).

Movant's interest in the Collateral is not being adequately protected as Debtor is extremely behind in payments to Movant since February 2024. At the time of the chapter 11 bankruptcy filing,

the payoff due under the Agreement was **$41,736.73,** and Debtor has not made any post-petition payments to Movant.

### III. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this court issue an Order as follows:

1. Terminating the automatic stay of 11 U.S.C. § 362(a), effective immediately, to permit Movant and any agents, successors-in-interest and assignees, to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Collateral; and

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

DATED: August 14, 2024          Respectfully submitted,

HEMAR, ROUSSO & HEALD, LLP

/s/ *Jennifer Witherell Crastz*
By:_____
JENNIFER WITHERELL CRASTZ
Attorneys for Movant, BMO BANK N.A.